STATE, Respondent, vs. GRULKOWSKI, Appellant.

*April 10—May 12, 1931.*

*W. T. Doar* of New Richmond, for the appellant.

For the respondent there was a brief by *R. A. Forsythe,* district attorney of St. Croix county, the *Attorney General,* and *Joseph E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt* and *Mr. Forsythe.*

FAIRCHILD, J. The appeal is to review the judgment and sentence. Defendant assigns as error the denying of defendant's motion to set aside the verdict and for a new trial because the verdict is contrary to law; contrary to evidence; because the court erred in denying defendant's motion for arrest of judgment for the reason that the penalty fixed by sec. 343.122, Stats., for the offense defendant was found to have committed is cruel and unusual punishment prohibited by article I of the Wisconsin constitution.

There is no room for doubt that the defendant transgressed the law; that he is the one who entered the bank and did the things described in the statement of facts. The

jury found that he was capable of forming the necessary intent and was therefore guilty.

The evidence discloses that he got the revolver, started for Roberts, Wisconsin, entered the bank, where, with the aid of his pistol, he cleared a way for himself to do any and all things that any bank robber would undertake to do. The small results obtained, when they might have been so much larger, may suggest a lack of skill. His subsequent movements, while simple and certain to lead to detection, do not furnish evidence of such intoxication as would be necessary to relieve the defendant of responsibility for his acts. His conduct was too sustained and the plan conceived too far ahead of the event to permit a conclusion that it was not the result of a formed intention. He wanted money, he changed his clothes, he drove his car to the place of his former employment and then accompanied Mr. Maloney and the others to Hudson. The course of conduct followed by the defendant was such as leads to serious consequences and was the very act which the legislature intended to prevent when it enacted sec. 343.122 and prescribed a penalty to be imposed by the court upon one found guilty thereof.

The offense charged is that of unlawfully entering a bank building armed with a weapon and the stealing of money through intimidation and threat. The legislature in enacting this law had in mind that a bank is a place where the public generally transacts business and that one desperate enough to undertake a robbery and to enter a bank building armed with a revolver to carry out his unlawful purpose endangers the lives of the employees and customers of the bank, and brings about a condition in the community disturbing the general security. The legislature, intending its enactment to be a practical means for the protection of the communities, used as a penalty one which they believed to be efficacious and which at the same time responded to a sense of proportion, between the crime and the penalty,

found in public opinion. When the general purpose of this legislation and the desperate character of those who violate this law are considered together, there appears no reason for holding that the penalty conflicts with the principle embodied in the constitution. The offense is grave and the legislature acted within its province in fixing the penalty it did.

The court in the opinion referred to said that a situation existed which might very properly suggest executive clemency. The earnestness of defendant's counsel and the concern of the trial judge lead us to suggest that after examination of the defendant by the experts of the Board of Control and their determination of the mental capacity of the defendant, the general scheme provided by our laws will be found adequate for the emergencies which may arise in this case.

*By the Court.*—Judgment affirmed.